1 | GATES, GONTER, GUY, PROUDFOOT & MUENCH, LLP
MATTHEW M. PROUDFOOT, SBN 155988
2 | MARCIA M. LACOUR, SBN 159282
38 Discovery, Suite 200
3 | Irvine, California 92618
Telephone: (949) 753-0255
4 | Facsimile: (949) 753-0265

5

6 | Attorney for Defendant FORD MOTOR COMPANY and FUTURE FORD OF CONCORD, LLC

7

8

9 | UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION
10

11

12 | JUSTIN FREDERICKSEN, an ) Docket:
individual and DOES 1-100 )
inclusive )
13 | )
             Plaintiff, ) NOTICE OF REMOVAL
14 | vs. ) UNDER 28 U.S.C. § 1332()(1), 1441,
) 1446
15 | FORD MOTOR COMPANY, a Delaware )
Limited Liability Company, )
16 | FUTURE FORD OF CONCORD, LLC, a )
California Limited Liability )
17 | Company and DOES 1-100, )
inclusive, )
18 | )
             Defendants. )
19 | )

20

21 | TO THE CLERK OF THE ABOVE-ENTITLED COURT:

22 | PLEASE TAKE NOTICE that Defendant Ford Motor Company by its

23 | counsel Gates, Gonter, Guy, Proudfoot & Muench, LLP, hereby remove to

24 | this Court, pursuant to 28 U.S.C. §§ 1332(a)(1), 1441, and 1446,

25 | based on complete diversity of citizenship, the claims pending as

26 | Case No. 19STCV05028 of the Superior Court of California, County of

27 | Los Angeles, Central District.

28

---

1

NOTICE OF REMOVAL
UNDER 28 U.S.C. § 1332(a)(1), 1441, 1446

## I. THE REMOVED CASE

1. The removed case is a civil action commenced in the Superior Court of California, County of Los Angeles by Plaintiff JUSTIN FREDERICKSEN (hereinafter "FREDERICKSEN" and or "Plaintiff") entitled *JUSTIN FREDERICKSEN v. Ford Motor Company, et al.*, Case No. 19STCV05028 (hereinafter "State Action"). Although the Complaint alleges (§ 1) that Plaintiff is a resident of Los Angeles County, it is the position of Ford Motor Company that Plaintiff engaged in fraud in the pleading of jurisdictional facts in that all documents in possession of Ford Motor Company indicate Plaintiff is a citizen of Nevada or of Georgia. *Declaration of Marcia M. LaCour, Exhibit 2*.

2. The first named Defendant is Ford Motor Company, a Delaware Corporation with its principal place of business in Michigan. The other named Defendant is Future Ford of Concord, LLC, a California Limited Liability Corporation with its principal place of business in Concord, California in Contra Costa County.

3. Plaintiff filed the State Action on February 14, 2019, asserting violations under the Song Beverly Warranty Act (hereinafter "Song Beverly", negligent repair and misrepresentation against Defendants based on alleged defects in Plaintiff's 2016 Ford F-150 (hereinafter "Subject Vehicle"). *See Complaint attached as part of Exhibit 1 filed herewith with the Declaration of Marcia M. LaCour*. Ford Motor Company was served with the State Action on February 20, 2019. *See CT Corporation service of process transmittal attached to Complaint.*

## II. PROCEDURAL REQUIREMENTS

4. Ford Motor Company has thirty (30) days from the date of

service or receipt of a copy of the Complaint to remove a case. 28 U.S.C. § 1446(b). Ford Motor Company was served with a copy of the Complaint on February 20, 2019. This Notice of Removal is therefore timely filed.

    5.    Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders for the State Action in Ford Motor Company's possession are contained in Exhibit 1 filed herewith filed herewith with the Declaration of Marcia M. LaCour.

    6.    Pursuant to 28 U.S.C. § 1446(a), venue is proper in the Central District of California because this District embraces the place in which the removed action has been pending.

    7.    Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the Superior Court of California, County of Los Angeles promptly after filing of same in this Court.

    8.    Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all adverse parties promptly after the filing of same in this Court.

    9.    If any question arises as to the propriety of the removal of this action, Ford Motor Company requests the opportunity to conduct discovery, present summary-judgment type evidence, brief any disputed issues, and present oral argument in favor of its position that this case is properly removable.

    10.    Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Ford Motor Company's right to assert defenses including, without limitation, the defenses of (i) lack of personal jurisdiction, (ii) improper venue and/or *forum non conveniens*, (iii) insufficiency of process, (iv) insufficiency of

service of process, (v) improper joinder of claims and/or parties, (vi) failure to state a claim, (vii) failure to join indispensable party(ies), (viii) fraudulent pleading of jurisdictional facts, or (ix) any other procedural or substantive defense available under state or federal law.

**III. THE AMOUNT IN CONTROVERSY REQUIREMENT IS MET**

11. The amount in controversy in this action exceeds $75,000 See 28 U.S.C. *§ 1332.*

12. The removing party's initial burden is to "file a notice of removal that includes 'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'" *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014)). "By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a)," which requires only that the grounds for removal be stated in a "short and plain statement." *Dart*, 135 S. Ct. at 553.

13. Generally, a federal district court will first "consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 690 (9th Cir. 2006) (internal citation omitted). In this case the Complaint (§§ 25-26) alleges Plaintiff is entitled to the amount of $270,000 and additionally attorney fees in the amount of $605 an hour.

14. The amount in controversy well exceeds $75,000, without considering Plaintiff's request for attorney fees.

///

**IV.   DIVERSITY OF CITIZENSHIP EXISTS**

15.   Plaintiff alleges he is a resident of Los Angeles County, California. (Complaint ¶ 1).However all documents in possession of Ford Motor Company including the sales contract for the subject vehicle, financial records in regard to the subject vehicle and the address Plaintiff provided when he contacted Ford Motor Company indicate he is a citizen of Nevada or Georgia. *Declaration of Marcia M. LaCour* ____.

24.   Ford Motor Company is and was at the time Plaintiff commenced this action a corporation under the laws of the State of Delaware with its principal place of business in Michigan.  This Court can take judicial notice of these facts.  *See* Fed. R. Evid. 201(b)(2) (courts may judicially notice facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned").

25.   The amount in controversy in this action exceeds $75,000 See 28 U.S.C. § 1332.

26.   Accordingly, this Court has subject matter jurisdiction over this dispute under 28 U.S.C. § 1332(a)(1) because there is complete diversity of citizenship between Plaintiff, a citizen of Nevada or Georgia, Ford Motor Company, a citizen of Michigan and Delaware but not of California, and Future Ford of Concord, LLC a citizen of California.

///
///
///
///

**VI. CONCLUSION**

For the reasons stated above, the State Action may be removed to this Court by Ford in accordance with the provisions of 28 U.S.C. §§ 1332(a)(1), 1441, and 1446.

Dated: March 22, 2019

GATES, GONTER, GUY, PROUDFOOT & MUENCH, LLP

By: *Marcia M. LaCour*
MARCIA M. LACOUR
MATTHEW M. PROUDFOOT
Attorneys for Defendant FORD MOTOR COMPANY

PROOF OF SERVICE - 1013(a) C.C.P.

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action; my business address is Gates, Gonter, Guy, Proudfoot & Muench, LLP, located at 38 Discovery, Suite 200, Irvine, CA  92618.

On **March 22, 2019**, I served the foregoing document described as **DEFENDANTS FORD MOTOR COMPANY AND FUTUR FORD OF CONCORD, LLC'S NOTICE OF REMOVAL** on the interested parties in this action as set forth on the attached service list in the following manner:

**(XXX)**     **BY MAIL.**  I am familiar with this firm's practice of collection and processing correspondence for mailing with the United States Postal Service, and that the correspondence shall be deposited with the United States Postal Service on the same day in the ordinary course of business pursuant to Code of Civil Procedure §1013a.  I am aware that on a motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing affidavit.

( )     **BY FACSIMILE.**  In addition to service by mail as set forth above, a copy of said document(s) was also delivered by facsimile transmission to the addressee(s) pursuant to Code of Civil Procedure §1013(e).

( )     **BY PERSONAL SERVICE.**  I caused a true copy of said document(s) to be hand-delivered to the addressee(s) via a California registered process server pursuant to Code of Civil Procedure §1011.

( )     **BY EXPRESS MAIL.**  I caused said document(s) to be deposited in a box or other facility regularly maintained by the express service carrier providing overnight delivery pursuant to Code of Civil Procedure §1013(c).

( )     **BY ELECTRONIC MAIL.**  I caused said document(s) to be served electronically to _____ pursuant to Civil Procedure §1010.6(a)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on **March 22, 2019**, at Irvine, California.

_____
Jody Verne

********************************************************************************
SERVICE LIST

**ATTORNEY FOR PLAINTIFF**
Natan Davoodi, Esq.
The Law Offices of Natan Davoodi, Esq.
3580 Wilshire Blvd., Suite 1260
Los Angeles, CA 90010
Tel: 310-889-4554
Fax: 213-382-4083